IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CATHERINE GIERBOLINI,    )
                         )
    Plaintiff,            )
                         )
v.                       ) Case No. 1:13-cv-907 (CMH/TCB)
                         )
Leidos Holdings, Inc     )
F/K/A Science Application )
International Corporation )
                         )
                         )
                         )
    Defendant.           )
_____)

## MEMORANDUM IN OPPOSITION OF MOTION TO DISMISS

The Plaintiff requests that the United States Eastern District court reject the motion to dismiss submitted by the Defendant, based on the following: This case is one that was initiated from a false statement created by one of the Defendants representatives, which then evolved into a series of illegal actions conducted against the Plaintiff.

### A) Count 1: Title VII Claim Arising from Ethics complaint

In this section there were two counts of retaliation and the following explanation will reflect what actually happened. While the Plaintiff was in Afghanistan she had put in an ethics complaint within a few months; the then Human Resources Manager Katherine Jacobson (now Sisson) told the Plaintiff that she MUST transfer to Kuwait; this action is strictly against corporate and federal guidelines concerning ethics complaints and when the Plaintiff reminded

1

Ms. Jacobson with this fact, Ms. Jacobson feared that the Plaintiff would report her so she created a false statement regarding the Plaintiff and told the Program Manager in Kuwait (Mr. Michael McNeil) that the Plaintiff needed to be transferred because she was a "problem employee", yet there was no prior paperwork to validate this statement and if there was, Mr. McNeil would not have had access to it. At the same time Ms. Jacobson convinced the Plaintiff that this action was being taken because of operational needs. This action in itself is a form of retaliation.

The Defendant alleges that there was no EEOC complaint filed in a timely manner; however this is not entirely true. The Plaintiff had attempted to file an EEOC complaint in October 2010, but as soon as she attempted to do this she was suspended within two days (without reason) and could not complete the process, then she was placed on house arrest until less than a week later therefore preventing her the access and the ability to get to a United States Post Office to complete the process, then when she was given thirty days notice (without reason) by the Defendant. This information is being displayed in exhibit #1 & 2. At the same time the Plaintiff was struggling with medical issues that were becoming increasingly painful. Prior to her departure from Kuwait, the Plaintiff communicated with e-mails and letters to upper Management who assured her that the proper corporate investigations would be initiated (these so called investigation would go on for five months, however in appeal No. 13-1475 we are shown that no investigation were conducted.). All of the documentation that clearly breaks this case down from start to finish, reflects the Plaintiffs **"intense fear of her health and safety"** and it can be seen in some of the discovery and deposition materials presented in docket # 1:12-cv-1459(LMB/IDD). On both occasions when the Plaintiff attempted to report the situation appropriately she was retaliated against and in an attempt to avoid further retaliation during

corporate investigations she never went back to complete the process until much later. This information will be outlined in detail during discovery.

B) **Count 2: Adverse Actions and Harassment Under Title VII and the ADA**

The Defendant is citing that this section is also time barred due to the lack of the EEOC complaint; however this is false because the medical portion of this complaint was filed in the allotted time and as mentioned in section one every time the plaintiff attempted to report these actions appropriately she was retaliated against. In fact while the Plaintiff was ill she was suspended, presented a 30 days' notice, called to conduct employment investigations while trying to deal with her medical situation (which can be construed as a form of harassment), her termination date changed five times, her insurance was dropped, her ability to obtain access to her investment accounts was affected, she was left without income for four weeks and the Defendant also affected her ability to obtain unemployment and retraining in a timely manner, as well continued to compromise her physical health with all of the date changes therefore making her ineligible for COBRA.

Due to the deliberate adverse actions committed by the Defendant while the Plaintiff was about to have a life altering surgery and then recuperation time; the Plaintiff sought legal counsel to help mediate the situation in an effort to remain gainfully employed while alleged internal investigations were still being conducted. The undue stress presented by this situation caused the Plaintiff to fail a medical EKG in March 2011 and as mentioned also prohibited her from obtaining appropriate healthcare to correct any and all issues. The medical portion of the original complaint was then submitted to the EEOC in May of 2011, along with the original file

number (or during her amended complaints), the second count of retaliation and conspiracy, which was in the allotted time under EEOC requirements for filing a complaint. The adverse actions of this section reveal deliberate retaliation and adverse actions committed by the Defendant and during the discovery process all dates and filings either via EEOC or the fourth district court will be revealed, to provide a clear and accurate timeline along with the actual correspondence pertaining to all of the accusations.

C) **Count 3: Retaliation**

While the Plaintiff was still employed by the Defendant, Mr. Montgomery (the Plaintiffs former attorney) made several attempts to work amicably with the Defendant to obtain from the Defendant their findings in any and all employment investigations that may have been conducted as well as to attempt to work collectively with the Defendant so that they could resolve financial issues incurred due to the Defendants actions in regards to her medical and financial issues. The Defendant's inability to keep a consistent termination date is viewed as a deliberate act of retribution, because their actions directly impacted the Plaintiff's physical and financial condition. The Defendant's decision to consistently change her termination dates directly impacted the Plaintiff's medical insurance for her and her family, her financial resources through her investments, her opportunity for re-training under unemployment guidelines and her unemployment pay. The act of finalizing the Plaintiff's termination (without explanation), because she had obtained legal counsel can also be viewed as an additional form of revenge. The information for these sections is well documented and will be presented during the discovery process.

D) **Count 4: Business Conspiracy**

The Defendant cites that this claim needs to be dismissed because it is not supported under Virginia law by listing various cases that are very different than what the Plaintiff is alleging in this section. In each case that the Defendant listed the subject matter deals with a Primary Contractor and Subcontractor disputing the discrepancies in the statement of work. These cases are irrelevant in comparison, because the Plaintiff did everything that was asked of her by the Defendant and worked in complete accordance with the Federal and Corporate Policies set, however internal individuals bore false witness and the Defendants failed to investigate claims based on their own published policies. Exhibit #3 is an example of the Defendants representative's e-mail conversations concerning the Plaintiff and their intended conspiracy against her.

This section is not as complicated as the Defendant would have you believe. The example shown is conspiracy in its purest definition.

The Defendant had a responsibility both legally and ethically to uphold fair employment practices that were blatantly not followed in this example. Instead the Defendant allowed its representatives to create and promote idle gossip for those select individuals personal gain, without properly investigating, the original statements by Ms. Kate Jacobson (Sisson) and then continued to allow it to be regurgitated. "A lie told often enough becomes the truth" (Vladimir Lenin). This part of the complaint should have been handled internally by the Defendant; however they failed to do their part as seen in previous dockets.

At this time the Plaintiff requests that the court hear this case on January 17th.

The Plaintiff believes that the court will find during the discovery process that all information presented by the Plaintiff is factual.

Dated: December 30, 2013                    Respectfully submitted,

                                                          Catherine Gierbolini
                                                          101 6th ave
                                                          631-747-3225
                                                          *Proceeding Pro Se*