IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CATHERINE GIERBOLINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-907 (CMH/TCB) |
| | ) |
| LEIDOS HOLDINGS INC. | ) |
| F/K/A SCIENCE APPLICATIONS | ) |
| INTERNATIONAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff's Amended Complaint (ECF Doc. No. 7) and Memorandum in Opposition of Motion to Dismiss (ECF Doc. No. 19) (hereinafter "Opposition") fail to provide any legal support or to otherwise address the fatal defects requiring dismissal of this action, namely that: (1) Counts 1, 2, and 3 are barred because Plaintiff failed to timely file a Charge of discrimination and/or failed to exhaust her administrative remedies; (2) Counts 2 and 3 lack sufficient factual allegations to meet the pleading standards set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); and (3) Count 4 fails because business conspiracy does not apply to individuals and because a corporation cannot conspire with itself. In further support of its Motion to Dismiss, Defendant Leidos Holdings, Inc. f/k/a Science Applications International Corporation ("SAIC") states as follows:

## I. ARGUMENT

**A. Counts 1 and 2 Are Administratively Barred Because Plaintiff Did Not Timely File Her EEOC Charges**

Plaintiff tries to avoid dismissal of Counts 1 and 2 of her Amended Complaint by arguing that an e-mail she sent to the U.S. Equal Employment Opportunity Commission ("EEOC") on October 18, 2010 (ECF Doc. No. 19-1) constitutes a timely filed Charge of Discrimination.[1] However, Plaintiff cannot use this new allegation – raised for the first time in her Opposition—to stave off SAIC's Motion to Dismiss. *See Rivera v. Prince William County School Board*, 2009 WL 2232746, at * 4 (E.D. Va. 2009) (refusing to consider the plaintiff's argument that her Title VII claim was timely based on her filing of an EEOC intake questionnaire because the submission of the EEOC intake questionnaire was raised for the first time in her Opposition and not in her Complaint). *See also Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (it is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss") (internal citation omitted); *Davis v. Cole*, 999 F. Supp. 809, 813 (E.D. Va. 1998) (refusing to consider additional allegations in response to motion to dismiss). Moreover, as discussed below, even if the Court did consider this new allegation, dismissal of Plaintiff's Amended Complaint would still be required, as Plaintiff's e-mail to the EEOC does not rise to the level of a Charge of Discrimination so as to make Counts 1 and 2 timely.

---

[1] Plaintiff also claims that "she was placed on house arrest" for less than a week, which purportedly prevented her from going to a post office. *See* Opposition, ECF Doc. No. 19 at 2. The Court should not consider this outrageous allegation, made for the first time in the Opposition, as even if this allegation was true, Plaintiff still would have had enough time to file her Charge within the 180 day requisite period because she was repatriated to the United States almost immediately after being informed of her discharge. *See* ECF Doc. No. 7 (Amended Complaint) at 4, ¶¶ 5, 7-8, noting that Plaintiff boarded a flight to the United States on October 27, 2010. Moreover, allegations made for the first time in an Opposition to a Motion to Dismiss should not be considered. *See, e.g., Rivera v*, 2009 WL 2232746 at * 4.

Prior to filing a lawsuit under Title VII or the ADA, Plaintiff must first file a Charge of Discrimination with the EEOC within 180 days of the alleged unlawful practice. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). The EEOC regulations provide that the Charge must be in writing, signed and verified and should include the following:

(1) "The full name, address and telephone number of the person making the charge";

(2) "The full name and address of the person against whom the charge is made";

(3) "A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices";

(4) "If known, the approximate number of employees of the respondent employer"; and

(5) "A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency."

29 C.F.R. §§ 1601.9 and 1601.12(a). The Supreme Court has held that, in certain limited circumstances, a document other than a formal written, signed and verified Charge filed with the EEOC may be "deemed a charge" if it contains the five elements listed above and sets forth "a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Holowecki v. Fed. Express. Corp.*, 552 U.S. 389, 402 (2008).

Here, the e-mail Plaintiff allegedly sent to the EEOC (ECF Doc. No. 19-1) fails to meet the requirements of a formal Charge and those required to be deemed a Charge. Indeed, the e-mail is not signed or verified, evidencing that it is not a formal Charge. *See* 29 C.F.R. §§ 1601.9. The e-mail also does not contain the elements necessary to be deemed an EEOC Charge. Specifically, the e-mail has the following deficiencies:

- It does not identify SAIC by name;

3

- It does not list SAIC's address;

- It does not list Plaintiff's address and telephone number;

- It does not state the protected classification or indeed <u>any</u> protected characteristic (*e.g*., race, color, religion, etc.) on which Plaintiff's allegations were based;

- It does not state the number of employees employed by SAIC;

- It does not state whether state or local proceedings had been filed; and

- It does not request that the EEOC take action on Plaintiff's behalf.

*See* ECF Doc. No. 19-1. Indeed, the EEOC itself did not consider this e-mail as a Charge, as evidenced by its response that "it does not appear that [Plaintiff's] situation is covered by the laws we enforce" and the direction given to Plaintiff that if she had questions or "want[ed] to file a charge" she could visit the EEOC's website. *Id.* Accordingly, Plaintiff's attempt to stave off dismissal of Counts 1 and 2 of her Amended Complaint by arguing that an e-mail she sent to the EEOC in October 2010 (ECF Doc. No. 19-1) constitutes a timely filed Charge is meritless. *See Vaughn v. Wal-Mart*, 2010 WL 4608403, at*4 (W.D. Va. 2010) (holding that the plaintiff's EEOC intake questionnaire was not a Charge because the EEOC did not consider it so); *E.E.O.C. v. Freeman*, 2010 WL 1728847, at *7 (D. Md. 2010) (holding that the plaintiff's EEOC intake questionnaire was not a Charge because it did not request that the agency take action); *Featherston v. District of Columbia*, 910 F. Supp. 2d 1, 6 (D.D.C. 2012) (holding that the plaintiff's intake questionnaire did not constitute a Charge because it did not identify where the plaintiff worked and did not request that remedial action be taken); *Boyd v. Angelica Textile Servs., Inc*., 2011 WL 4368559, at *3 (D.S.C. 2011), *aff'd*, 466 Fed. Appx. 288 (4th Cir. 2012) (holding that the plaintiff's intake questionnaire was not a Charge because it did not ask the EEOC to take action).

Because Plaintiff's e-mail to the EEOC cannot constitute a Charge, Count 1 must be dismissed since the adverse action about which she complains in that Count – her transfer to Kuwait of which she was informed in June 2010 (*see* Amended Complaint, ECF Doc. No. 7 at 2) – occurred more than 180 days before she filed her actual Charge of Discrimination on May 5, 2011 (*see* Exhibit 1 to SAIC's Memorandum in Support of Motion to Dismiss, ECF Doc. No. 12-1).

Likewise, the adverse action alleged in Count 2 – harassment and Plaintiff's discharge of which she was informed by October 27, 2010 (*see* Amended Complaint, ECF Doc. No. 7 at 4, ¶ 5) – occurred more than 180 days before Plaintiff filed her Charge (*see* Exhibit 1 to SAIC's Memorandum in Support of Motion to Dismiss, ECF Doc. No. 12-1), and her claim based on that discharge must be dismissed. *See, e.g., Street v. Verizon South Inc.*, 2006 WL 6040429 (E.D. Va. 2006) (Hilton, J.) (dismissing the plaintiff's complaint because she failed to timely file an EEOC Charge).

B.  **Plaintiff's Title VII and ADA Harassment Claims in Count 2 Are Administratively Barred Because Plaintiff Did Not Allege Harassment in Her EEOC Charges**

In her Opposition, Plaintiff fails to address the fact that her Title VII and ADA harassment claims should be dismissed because she did not include allegations of "harassment" based on a protected class in either of her EEOC Charges. *See* Exhibit 1 to SAIC's Memorandum in Support of Motion to Dismiss, ECF Doc. No. 12-1 (First EEOC Charge) and Exhibit 2 to SAIC's Memorandum in Support of Motion to Dismiss, ECF Doc. No. 12-2 (Second EEOC Charge). Because the scope of a plaintiff's complaint is limited to allegations that "can reasonably be expected to follow the charge of discrimination", Plaintiff's failure to include allegations of workplace harassment in either of her EEOC Charges precludes her from litigating these claims in the instant action. *Miles v. Dell*, 429 F.3d 480, 491 (4th Cir. 2005). *See also*

*Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) (holding that the plaintiff had failed to exhaust her administrative remedies with respect to her sexual harassment claim because her EEOC Charge alleged only failure to promote based on sex).

C. **Plaintiff's Title VII and ADA Harassment Claims and Title VII Discrimination Claim in Count 2 Must Be Dismissed Under *Iqbal/Twombly***

Plaintiff's Opposition fails to address the myriad ways in which Count 2 of the Amended Complaint does not meet the pleading standards set forth in in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Specifically, nowhere in Count 2 of Plaintiff's Amended Complaint does she state the Title VII protected class on which SAIC allegedly discriminated against and harassed her or otherwise describe discriminatory or harassing conduct based on a class protected by Title VII. Similarly, Count 2 of Plaintiff's Amended Complaint is devoid of any factual allegations demonstrating the type of severe and pervasive harassment that would be actionable under Title VII or the ADA. Accordingly, dismissal of these claims is proper. *See Tohotcheu v. Harris Teeter, Inc.*, 2011 WL 5873074, at *3 (E.D. Va. 2011) (dismissing Title VII claim where the complaint did not state the protected class and contain allegations of dissimilar treatment); *Montano v. INOVA Health Care Servs.*, 2008 WL 4905982, at *3 (E.D. Va. 2008) (dismissing harassment claim and recognizing that courts have found the existence of a hostile work environment "only in instances where unambiguous … epithets, slurs, or extremely abusive language were uttered with recurring frequency").

D. **Count 3 Is Administratively Barred Because Plaintiff Did Not Allege Retaliation in Her EEOC Charges and Even if She Had, Such Allegations Would Be Time-Barred**

Nowhere in Plaintiff's Opposition does she address the fact that she failed to allege retaliation in either of her EEOC Charges. *See* Exhibit 1 to SAIC's Memorandum in Support of

Motion to Dismiss, ECF Doc. No. 12-1 (First EEOC Charge) and Exhibit 2 to SAIC's Memorandum in Support of Motion to Dismiss, ECF Doc. No. 12-2 (Second EEOC Charge). Because Plaintiff was notified of her termination of employment by October 27, 2010 (*see* Amended Complaint, ECF Doc. No. 7 at 4, ¶ 5), which was prior to the filing of both of her EEOC Charges (on May 5, 2011 and September 30, 2012), and because Plaintiff failed to include retaliation as a basis of unfair treatment in either EEOC Charge, she is administratively barred from asserting retaliatory discharge in the instant lawsuit. *See Miles*, 429 F.3d at 492 (affirming dismissal of retaliation claim where the plaintiff "did not check the retaliation box on her charge form, and the narrative explaining her charge made no mention of retaliation"); *Malhotra v. KCI Techs., Inc.*, 240 Fed. Appx. 588 (4th Cir. 2007) (affirming the dismissal of the plaintiff's sex discrimination, retaliation, and harassment claims on exhaustion grounds).

Moreover, even if Plaintiff had alleged that her termination of employment was retaliatory in either of her EEOC Charges, Count 3 would nevertheless be subject to dismissal because more than 180 days elapsed between Plaintiff being notified of her termination on October 27, 2010 (*see* Amended Complaint, ECF Doc. No. 7 at 4, ¶ 5) and the filing of Plaintiff's first EEOC Charge on May 5, 2011 and Plaintiff's second EEOC Charge on September 30, 2012.[2] *See* Exhibit 1 to SAIC's Memorandum in Support of Motion to Dismiss, ECF Doc. No. 12-1 (First EEOC Charge) and Exhibit 2 to SAIC's Memorandum in Support of Motion to Dismiss, ECF Doc. No. 12-2 (Second EEOC Charge). *See also Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004) (affirming dismissal of Title VII discrimination

---

[2] Plaintiff was working for SAIC in Kuwait at the time she was notified of the termination of her employment (*see* Amended Complaint, ECF Doc. No. 7 at 2, ¶7 and at 3-4). Because Kuwait is not a deferral state, the 180 day filing rule applies. *See Judkins v. Saint Joseph's College of Maine*, 483 F. Supp. 2d 60 (D. Maine 2007) (finding that professor employed in the Cayman Islands by a college based in Maine was subject to the 180 day requirement since Maine, although a deferral state, would have no jurisdiction over a claim arising in the Cayman Islands).

7

claim where the alleged acts of discrimination took place outside of the time period in which the plaintiff was required to file an EEOC Charge).

E.     **Plaintiff's Opposition Does Not Rescue Count 3 Under Rule 12(b)(6)**

Although Plaintiff's Complaint is entitled to liberal construction because she is proceeding *pro se*, Plaintiff must still state sufficient facts from which the Court can infer the plausibility, rather than merely the possibility, that SAIC is liable for the alleged misconduct. *Ashcroft,* 556 U.S. at 677 (2009. In her Opposition, rather than explaining how her Amended Complaint can be read to withstand a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and the standards set forth in *Iqbal/Twombly*, Plaintiff has attempted to augment her claims with additional factual allegations. However, as discussed in Section I(A) above, it is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Katz*, 332 F. Supp. 2d at 917 n.9. (internal citation omitted). Thus, the inclusion of additional allegations in an Opposition to a Motion to Dismiss cannot rescue a Complaint that itself fails to make the necessary allegations. *See Rossman v. Lazarus*, 2008 WL 4181195, *11 (E.D. Va. 2008). Accordingly, Count 3 of Plaintiff's Amended Complaint, which fails to meet the pleading standards of *Iqbal* and *Twombly*, should be dismissed.

F.     **Count 4 (Business Conspiracy) Cannot Withstand SAIC's Motion to Dismiss**

In her Opposition, Plaintiff asserts that the legal arguments made by SAIC in its Memorandum in Support of Motion to Dismiss Plaintiff's business conspiracy claim are inapplicable because the "subject matter deals with a Primary Contractor and Subcontractor disputing the discrepancies in the statement of work" and because "Plaintiff did everything that was asked of her by the Defendant and worked in complete accordance with the Federal and Corporate Policies set, however internal individuals bore false witness and the Defendants [sic]

failed to investigate claims based on their own published policies." ECF Doc. No. 19 (Opposition) at 5. This assertion, however, does not rescue Plaintiff's Business Conspiracy claim in Count 4, as it wholly fails to overcome the long-standing precedents that, under Virginia law, an individual cannot state a claim for business conspiracy and that a corporation cannot conspire with itself. *See, e.g., Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985) (recognizing that Virginia courts have "consistently held" that business conspiracy cannot apply to individuals); *Phoenix Renovation Corp. v. Rodriguez*, 258 Fed. Appx. 526, 539 (4th Cir. 2007) (citing *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 386–87 (Va. 1996) (recognizing that a corporation cannot conspire with itself).

## II. CONCLUSION

Plaintiff's long discourse set forth in her Opposition does not change the following undisputed facts that have been alleged in her previous pleadings or of which the Court may take judicial notice (*i.e.*, her EEOC Charges):

1. Plaintiff alleges she was notified of her discharge from SAIC on or about October 27, 2010. *See* Amended Complaint, ECF Doc. No. 7 at 4, ¶ 5.

2. Plaintiff was repatriated to the United States almost immediately thereafter. *See* Amended Complaint, ECF Doc. No. 7 at 4, ¶¶ 5, 7-8.

3. Plaintiff did not file any document that can be deemed a valid EEOC Charge until 190 days after she was notified of her discharge. *See* Exhibit 1 to SAIC's Memorandum in Support of Motion to Dismiss, ECF Doc. No. 12-1.

Thus, it is undisputed that Plaintiff failed to timely file her EEOC Charge and Counts 1, 2, and 3 must be dismissed with prejudice. Likewise, there is no dispute that she has failed to plead (and cannot plead) the requisite elements of business conspiracy, and Count 4 also should be dismissed with prejudice.

Therefore, for the reasons stated herein, as well as the reasons set forth in SAIC's

Memorandum in Support of Motion to Dismiss (ECF Doc. No. 12), SAIC respectfully requests that the Court dismiss Plaintiff's Amended Complaint (ECF Doc. No. 7) in its entirety.

Dated: January 6, 2014

Respectfully submitted,

/s/
Edward Lee Isler, Va. Bar No. 27985
eisler@islerdare.com
Lori H. Turner, Va. Bar No. 68732
lturner@islerdare.com
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2014, a true and accurate copy of the foregoing was served by First Class Mail and electronic mail to the following address:

>Catherine Gierbolini
>101 6th Avenue
>Huntington Station, NY 11746
>cathieg7869@yahoo.com

>/s/
>Edward Lee Isler, Va. Bar No. 27985
>eisler@islerdare.com
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>Phone: (703) 748-2690
>Fax: (703) 748-2695
>*Attorney for Defendant*